NicholsoN, C. J.,
delivered the opinion of the Court.
James It. Jones was indicted for committing an assault and battery on Roxana Bailiff, in DeKalb county, on the 16th of October, 1861, and convicted. From the judgment sentencing him to the Penitentiary for five years, he has appealed to this Court.
The first ground on which a renewal is sought is, that the Circuit Judge erred in refusing to arrest the 'judgment for a fatal defect in the indictment. The charge in the indictment is as follows:
“That James R. Jones, on .the 16th of October, 1866, in the county of DeKalb, and State of Tennessee, in and upon Roxana Bailiff, then and there being, did make an assault; and her, the said Roxana Bailiff, then and there did beat, wound and ill treat with intent, her the said Roxana Bailiff, violently and against her will then and *448 there feloniously to ravish and carnally know, and other wrongs,” &o.
The objection to this indictment is, that it does not charge that the assault and battery were committed with the felonious intent, but that the felonious intent charged is to ravish. This objection is sustained by the cases of Williams v. The State, 8 Hum., 585, and Nevills v. The State, 7 Cold., 78. In the former case, Judge Green said: “The indictment should have charged, that the prisoner ‘feloniously did make an assault;5 using the word feloni-ously in relation to the assault; and to charge that the party made the assault with intent feloniously to ravish, is to charge a misdemeanor only, with the aggravating circumstance of the intent to commit a felony.” In the case in 7 Cold., Judge Gaut, special judge, followed the holding by Judge Green.
The section of the Code on which the defendant was indicted, is as follows:
“Sec. 4615. Any person guilty of committing an assault and battery upon any female, with an intent, forcibly and against her will, to have unlawful carnal knowledge of her, shall, on conviction, be imprisoned in the penitentiary not less than two nor more than ten years.”
This section was brought into the Code from the 53d section of the Penitentiary Code, passed in 1829, and in the same language. It is observed that, in the description of the offense, the word “felonious” is not used, nor is it used in the 53d section of the Act of 1829, which was in force when Judge Green gave his opinion in the case of Williams v. The State, 8 Hum., 585. But he held *449 tliat in describing tbe offense in tbe indictment, tbe assault should be charged to be “felonious,” because, by the 1st section of the Act of 1829, all the offenses enumerated in that act were declared felonies, and punishable in the penitentiary. The offense described in the 53d section being in this way shown to be a felony, he held that the indictment was bad, because the assault was not charged to be felonious.
But when the Code was adopted, the 1st section of the Act of 1829 was left out, and we now have no statute defining what offenses are felonies. The offense of assault and battery on a female, with intent to ravish, described in section 4615, is not in that section, or in any other in the Code, declared to be a felony; but it is declared to be punishable in the penitentiary. It follows, that since the adoption of the Code, it is not necessary in charging the offense of assault and battery with intent to ravish, to charge the assault and battery to have been felonious.
As described in the Code, it is immaterial whether the offense be regarded as a felony or a misdemeanor, it is punishable by imprisonment in the penitentiary. And an indictment charging the offense in the language of the Code, or in language of equivalent import, is sufficient. Ye have held in two cases at the present term, that indictments charging murder in the first degree were good, although the crime was not charged to have been “felo-niously” committed; for the reason, that, in describing the crime of murder in the first degree in the Code, the word “felonious” is not used; and that it was sufficient to charge the crime in the words of the Code. In like manner, and for a like reason, we hold, in the present *450 case, tbat tbe indictment is good, although the assault and battery is not charged to have been felonious. It follows that we overrule the case of Nevills v. The State, 7 Cold., 78, and hold that the Circuit Judge committed no error in overruling the motion in arrest of judgment.
The next ground relied on for a reversal, is, that the verdict is not sustained by the evidence. The verdict rests mainly on the evidence of the prosecutrix, who is the step-daughter of the defendant. The chief witness assailing her credibility was a son of defendant by a former marriage. If the evidence of the prosecutrix was true, the defendant is guilty; but if the evidence of the defendant’s son was true, the prosecutrix was, from her very childhood, a confirmed strumpet, and her evidence false and insufficient to sustain the verdict. The defendant’s son represents, in his testimony, that, from the age of five years until she was sixteen, (her age when the present offense was committed,) she had been in the constant habit of having sexual intercourse with the witness, he being three years older than the prosecutrix. On the other hand, she emphatically and positively contradicts the entire evidence of defendant’s son. Her character was sustained by witnesses — his was attacked by several, but sustained by more than those who attacked him.
There are circumstances connected with her account of the assault, upon her, calculated to excite suspicion as to the reliability of some of the details, and to raise some doubt as to the intent with which the defendant made the attempt upon her virtue; there are other circumstances calculated to sustain and corroborate her story.
*451 Upon the whole, we are brought to the conclusion that it is one of the cases in which we are bound to concede much weight to the action of the jury and the court below. It was mainly a question as to the credit to be given to conflicting witnesses. The jury and the court had full opportunity to make up a much more satisfactory judgment as to the credit to be given to the witnesses than ' we can have, nor do we see in the record any reason to infer that there was anything like passion or rashness on the part of the jury. The defendant had left the county soon after the occurrence, and had been absent three or four years. In the meantime, the prosecutrix had married. We can not • see that there existed, after such a lapse of time, any such public excitement as interfered with an impartial trial. Under all the circumstances, we are constrained to conclude that the verdict and judgment below ought not to be disturbed.
Several exceptions have been taken to the charge of the Circuit Judge, but after carefully weighing and scrutinizing them, we are satisfied that they are not well taken.
Let the judgment be affirmed.